**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamie Nicole Fulcher,<br><br>             Plaintiff,<br><br>v.<br><br>Barbara Bennett, et al.,<br><br>             Defendants. | No. CV-20-00980-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's First Amended Complaint ("FAC") (Doc. 11). The Court previously granted Plaintiff *in forma pauperis* status. (Doc. 7.) The Court will screen Plaintiff's FAC pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to this screening, the FAC will be dismissed without prejudice and without leave to amend.

## BACKGROUND

On May 19, 2020, *pro se* Plaintiff Jamie Nicole Fulcher initiated this action by filing the Complaint, utilizing one of the Court's standard forms—"Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)," which Plaintiff filled out by hand. (Doc. 1.) The Complaint named Barbara Bennett, Phyllis Mitchum, and Arizona Department of Child Safety ("DCS") as defendants. (*Id.*)

The complaint alleged as follows:

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all *in forma pauperis* proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

> On April 14, 2020[,] at a team decision making meeting with the Department of Child Safety[,] it was decided that [Fulcher's] son was safe and in no danger and that [Fulcher's] house was safe. However[,] DCS still wanted [Fulcher] to do services but [Fulcher's] son would remain in [her] care. A few days later [Fulcher] appealed [the] decision for [Fulcher] to do services. After [Fulcher] appealed, DCS came to [her] house and took [her] son and filed a dependency petition . . . with malicious intent in order to stop [her] appeal.

(Doc. 1 at 4.)

The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed DCS but allowed the Complaint to be served on Bennett and Mitchum. (Doc. 7.)

On October 16, 2020, Bennett and Mitchum filed a "Motion to Abstain and Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (6)," in which they argued that (1) the Court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971), (2) the complaint failed to state a claim, and (3) Bennett and Mitchum are entitled to absolute or qualified immunity. (Doc. 10.) The motion to dismiss certified that defense counsel "notified Plaintiff of issues to be raised in a motion to dismiss for failure to state a claim" and that "Plaintiff indicated that she may file an amended complaint to add additional state defendants . . . and additional claims." (*Id.* at 1-2 n.1.)

On October 24, 2020, Plaintiff filed her First Amended Complaint ("FAC") (Doc. 11),[2] a response to the motion to dismiss (Doc. 12), and various supplements to her response (Docs. 13-17).

On October 26, 2020, the Court denied the motion to dismiss as moot because the FAC superseded the Complaint and rendered it a nullity. (Doc. 18.)

On November 9, 2020, Bennett and Mitchum filed a "Motion for Clarification and Screening Order." (Doc. 19.) The motion requests that the Court issue an order screening

---

[2] Pursuant to LRCiv 15.1(b), a party amending as a matter of course must file a notice of filing the amended pleading, which "must attach a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added." Plaintiff did not adhere to these requirements. Nevertheless, because the original Complaint was handwritten and it would be difficult to provide a "redlined" draft under the circumstances, the Court overlooked this noncompliance with the local rules.

the FAC, which the Court is statutorily required to do regardless of any motion, and requests "clarification of the status of this case" (*id.* at 1), which this order will provide.[3]

**DISCUSSION**

I. <u>Legal Standard</u>

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague

---

[3] The motion also seeks clarification of "this Court's October 26, 2020 order" but does not indicate what is unclear about that order. (Doc. 19 at 1.)

allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

II. Analysis

The FAC brings claims under 42 U.S.C. § 1983 for violations of her First Amendment right to petition, her Fourteenth Amendment right to due process and equal protection, and "negligence." (Doc. 11 at 5.) The FAC names three new defendants in addition to Bennett and Mitchum: Mike Faust, in his official capacity as DCS Director, David Mangin, in his official capacity as Arizona Assistant Attorney General, and Hon. Jeffrey A. Rueter, in his official capacity as a Maricopa County Superior Court Judge. (Doc. 11 at 2-4.)

The FAC heavily cross-references Plaintiff's response to the motion to dismiss. (Doc. 12.) A complaint that cross-references another document for the bulk of its claims is procedurally irregular and cumbersome. Moreover, the response is lengthy and does not itself conform to the pleading rules, such that it is difficult to discern what the claims are and which claims pertain to which defendants. In other words, due to the lack of organization in the FAC, one cannot easily determine what conduct gave rise to what cause(s) of action for each specific defendant. Rule 8 of the Federal Rules of Civil Procedure requires "simplicity, directness, and clarity," such that each defendant should easily be able to determine "what he is being sued for." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). If this action were to continue, the Court would order Plaintiff to amend the complaint to conform with Rule 8, as well as Rule 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Plaintiff would also be directed to adhere to LRCiv 7.1. However, as the Court concludes that the action cannot be sustained, the Court will construe the FAC as incorporating Plaintiff's response to the motion to dismiss.[4]

---

[4] Bennett and Mitchum note that the motion to dismiss has already been denied as moot (Doc. 19 at 2), but that is not a relevant consideration when determining the relationship between the FAC and the response it cross-references. Neither the motion to dismiss nor the response thereto was struck; they remain on the docket as part of the record

As will be discussed more fully below, Judge Rueter must be dismissed from this action due to abstention principles and the statutory bar on injunctive relief under § 1983 against a judicial officer.  As for the rest of the Defendants, this action must be dismissed because the Court lacks the power to grant the relief Plaintiff seeks—namely the return of her son ("DS") to her custody.

### A. Judge Rueter

Plaintiff's claims against Judge Rueter are based on his decision to strike a motion that Plaintiff filed in a state court action over which Judge Rueter was presiding (Doc. 12 at 18) and his finding of neglect in that action (*id.* at 26).

To the extent Plaintiff asks this Court to issue an order declaring that Judge Rueter's conduct in the ongoing family court proceeding is unconstitutional, such a claim is barred by *Younger* abstention.  *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 612-13 (9th Cir. 2000) (applying *Younger* abstention and barring plaintiff's claims in state family-court action for an injunction enjoining the judge "from interfering with [plaintiff's] custody of [child] without following specified procedures"); *Arizona v. Dema*, 2010 WL 11570676, *3 (D. Ariz. 2010) (dismissing Fourteenth Amendment claim arising from ongoing custody proceedings in state court pursuant to *Younger* abstention).  "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims."  *Koppel*, 203 F.3d at 613 (citation omitted).  "When the case is one in which the *Younger* doctrine applies, the case must be dismissed."  *Id.*

Here, the FAC suggests that the state family-court action is ongoing.  (Doc. 12 at 4.)  As in *Koppel*, "[i]mportant state interests . . . are implicated" because "[f]amily relations are a traditional area of state concern" and "a state has a vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory.'"  *Koppel*, 203 F.3d at 613 (citations omitted).  And Plaintiff can raise her challenges to Judge Rueter's conduct in the current proceeding or in the Arizona state

---

for this action.

appellate court system.[5]

Additionally, the text of § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *See also Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018). No such circumstances were alleged here.

Finally, the Court lacks authority to issue an order specifying how Judge Rueter should handle proceedings in his own court. *Clark v. State of Wash.*, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties . . . ."); *Demos v. U.S. Dist. Court For E. Dist. of Washington*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state court. Thus, to the extent that [plaintiff] attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law.").

## B. Bennett And Mitchum

Bennett and Mitchum are not necessarily immune,[6] and the facts alleged might otherwise satisfy the liberal screening standard, or at least it is possible that satisfactory facts could be alleged on amendment. However, the Court cannot grant the requested relief, and therefore the claims must be dismissed without leave to amend.

Plaintiff seeks only injunctive relief:

> I ask that the state superior juvenile case be vacated, my son returned to me, our names not be placed in the central registry, that defendants be sanctioned, and my appeal of the substantiation report be allowed to proceed in the jurisdiction of the federal court, or in the very least a writ of certiorari be approved.

(Doc. 11 at 7.) But the existence of "ongoing state proceedings" (Doc. 12 at 4) in which a

---

[5] "Although a federal court is normally required to abstain if the three prongs of the *Younger* test are satisfied, abstention is inappropriate in the 'extraordinary circumstance' that the state tribunal is incompetent by reason of bias." *Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 713 (9th Cir. 1995). No evidence of bias is apparent here.

[6] *See, e.g., Capp v. Cty. of San Diego*, 940 F.3d 1046 (9th Cir. 2019); *cf. Beltran v. Santa Clara Cty.*, 514 F.3d 906, 908-09 (9th Cir. 2008).

- 6 -

state court judge has already "made a finding of neglect" (*id.* at 26) renders an injunction for the return of DS into Plaintiff's custody impermissible under the *Younger* doctrine. Nor can this Court vacate a state juvenile case, assume jurisdiction over the appeal of a state court matter, or interfere with the placement of names on a "central registry" that is presumably the result of the state judge's neglect finding. As discussed above, this Court cannot get involved in ongoing state-level child custody proceedings. *Koppel*, 203 F.3d at 613-14. "Important state interests" are "implicated," as "[f]amily relations are a traditional area of state concern," and "federal courts have no general jurisdiction" "in the field of domestic relations." *Id.* at 613. Plaintiff has "an adequate state forum" in which she can bring her retaliation claims. *Id.* The *Younger* doctrine applies and requires that these claims be dismissed. *Id.*

Plaintiff urges the Court not to dismiss this case due to the ongoing state proceedings, stating that if she had not been denied her right to petition, there would have been no dependency petition filed "in the first place." (Doc. 12 at 4.) She further notes that she filed this case "before there had been a determination of dependency." (*Id.* at 4-5.) She also notes that a violation of a federal right is implicated and she has felt "shut down" when trying to raise her retaliation claim at the state level. (*Id.* at 5.) Plaintiff also includes detailed arguments demonstrating her love and concern for DS, her strong desire and commitment to parent DS responsibly, and evidence suggesting that returning DS to her care would be in DS's best interest. (*Id.* at 9-25.) The Court is sympathetic to all of this, as well as to the difficulties of proceeding *pro se*. This dismissal is not on the merits; in other words, the Court is not determining whether Plaintiff should prevail on her claims. This dismissal simply means that, due to the *Younger* abstention doctrine, if Plaintiff wishes to pursue her claims, she must do so in state court, rather than federal court.

### C. The Remaining Defendants

Although it is difficult to discern exactly what claims apply to the remaining defendants, and what factual bases support those claims, it seems evident that the relief requested is the same—mainly interference with the ongoing state court proceedings and

injunctive relief in the form of the return of DS. For the reasons discussed above, this relief cannot be granted. Thus, the FAC must be dismissed in its entirety, without prejudice and without leave to amend.

### D. Documents 13-17 Shall Be Sealed

As a final matter, pursuant to Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a filing may not include the name of an individual known to be a minor; it may include the minor's initials only. Plaintiff's response (Doc. 12) and the exhibits Plaintiff filed as supplements to her response to the motion to dismiss (Docs. 13-17) contain the child's full name. The Clerk of Court is directed to seal these documents.

Accordingly,

**IT IS ORDERED** that the First Amended Complaint (Doc. 11) is dismissed without prejudice and without leave to amend. The Clerk of Court is directed to enter judgment and terminate this action.

**IT IS FURTHER ORDERED** that Bennett and Mitchum's motion for clarification and screening order (Doc. 19) is **granted** to the extent that this order provides the statutorily mandated screening and clarifies the status of this litigation.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to seal Plaintiff's response to the motion to dismiss and the exhibits Plaintiff filed as supplements to her response (Docs. 12-17).

Dated this 30th day of November, 2020.

Dominic W. Lanza
United States District Judge